## ANSELM BASSETT *vs.* CHARLES PORTER.

In an action against an assessor for an imprisonment of the plaintiff for non-payment of a school district tax, alleged to be illegal for want of legal school districts in the town, if the arrest is admitted or proved, the burden is on the defendant to prove that the entire town was legally districted by territorial limits.

This burden is not shifted by proof of the existence of districts *de facto,* for more than forty years throughout the entire town ; nor by proof that a town record book, now lost, contained a record of a districting of the entire town, it not appearing that such record was made after the *St.* 1789, *c.* 19, which required territorial districts.

THIS was an action of trespass to recover damages for an arrest and imprisonment of the plaintiff. The defendant specified, as his defence, that he was an assessor of the town of Taunton, for the year 1845, and that he and the other assessors issued a tax warrant, on which the plaintiff was arrested for non-payment of a school district tax.

At the new trial, which was ordered by this court, (4 Cush. 487,) and was had in the court of common pleas, before *Wells,* C. J. the only alleged illegality in said tax was, that there were no legal school districts in Taunton.

The defendant contended that the burden of proof was on the plaintiff, to prove this alleged illegality affirmatively. But the judge ruled that the burden of proof was on the defendant, to show that the town was legally districted. It was then admitted or proved, that for more than forty years there had been local school districts, *de facto,* throughout the town, and that they had acted, in all respects, as ordinary school districts. But the plaintiff contended that these were family districts, and had not territorial limits. The defendant then introduced parol evidence tending to prove that, for forty years, these districts had certain reputed territorial lines and boundaries. And the plaintiff introduced parol evidence to the contrary. The defendant introduced evidence that the town record books, preceding the year 1804, had been destroyed by fire, and called a witness, who stated that one of said books contained a record of what purported to be a districting of the entire town ; but whether such districting was before or after the *St.* of 1789, *c.* 19 was passed, or whether it was by families, or by territorial lines, the witness could not state.

Upon this evidence, the defendant contended that the presumption of law was, that the school districts had a legal origin. But the judge ruled that although this was evidence tending to prove the legality of the districts, the burden was

still on the defendant to prove that the entire town had been territorially districted. The jury found a verdict for the plaintiff, and the defendant excepted to the judge's rulings.

*E. H. Bennett,* (*N. Morton* with him,) for the defendant.

*T. D. Eliot,* (*H. G. O. Colby* with him,) for the plaintiff.

METCALF, J. We infer from the exceptions that the defendant, at the trial, admitted the arrest and imprisonment of the plaintiff, and relied, in his defence, solely upon the tax warrant issued by him and the other assessors. The ruling, therefore, that the burden was on the defendant, to show the legality of that warrant, was right, according to the established rule of evidence in such cases. Every imprisonment of a man is *primâ facie* a trespass; and in an action to recover damages therefor, if the imprisonment is proved or admitted, the burden of justifying it is on the defendant. Cowp. 478, 479; *Holroyd* v. *Doncaster,* 11 Moore, 440, and 3 Bing. 492. Nothing to the contrary is advanced in *Gage* v. *Currier &amp; others,* 4 Pick. 402, cited by the defendant's counsel. That was an action of trespass, like this, against assessors. The defendants pleaded the general issue and also a special justification in bar; and the plaintiff, at the trial, seems to have given evidence that he was not a member of the parish in which he was taxed, before the defendants introduced evidence that he was. The judge, who gave the opinion of the court, said, "the plaintiff, to support his action, must maintain" the proposition, "that the assessment against him was illegal." No question was there raised concerning the burden of proof, nor did the judge make the remark with any reference to that question. The plaintiff *did* maintain that proposition, by proving, under the general issue, that his body or his goods had been seized for nonpayment of a parish tax, and by the defendants' failure to support their plea in justification. The burden of proving that plea, which was traversed, was clearly on them.

At common law, the matter of defence, relied on in the present case, could not have been given in evidence under the general issue, but must have been pleaded specially in bar; and the subsequent pleadings would have terminated in an

issue on the question, whether the school district had a legal existence; the very question that has been tried upon the general issue and .the defendant's specification. The legal existence of the district would have been affirmed by the defendant, and the burden of proving the affirmative would have been on him. And the statute, which prohibits special pleas in bar, and authorizes the giving in evidence of all matters under the general issue, has not altered the rules of evidence, as to the burden of proof, on the trial of that issue.

The burden that was on the defendant was not shifted by the evidence which he introduced respecting the contents of a lost record book, and the existence of a school district *de facto.* If the jury, on all the evidence, were not reasonably satisfied that the whole town had been districted territorially, it was their duty to return a verdict for the plaintiff. *Powers* v. *Russell,* 13 Pick. 69; *Brown* v. *King,* 5 Met. 181; *Delano* v *Bartlett,* 6 Cush. 364. For, unless the whole town had been so districted, the tax, for nonpayment of which the plaintiff was arrested, was unwarranted and illegal; as was held, when this case was formerly before the court, (4 Cush. 487,) and as has been decided in other cases. *Withington* v. *Eveleth,* 7 Pick. 106; *Perry* v. *Inhabitants of Dover,* 12 Pick. 206; *Fry* v. *School District in Athol,* 4 Cush. 250.

*Exceptions overruled.*